[Civ. No. 1724. Second Appellate District.—March 12, 1915.]

## W. H. ROWE, Petitioner, v. H. H. ROSE, Mayor of the City of Los Angeles, Respondent.

PUBLIC OFFICER—CLERK OF THE POLICE COURT—FILING BOND—PLACE FOR.—A clerk of the police court of the city of Los Angeles appointed under the provisions of an act of the legislature approved June 6, 1913 (Stats. 1913, p. 469), which created police courts for cities of the first and one-half class, and continued generally the plan of organization of such courts, which were originally created under what is commonly known as the Whitney Act, should file his official bond in the city clerk's office, after its approval by the mayor, and not in the office of the county clerk; and, therefore, the fact that such clerk did not file such bond with the county clerk does not cause a vacancy in the position under section 996 of the Political Code.

ID.—OFFICIAL BOND—COUNTY OFFICERS—PLACE FOR FILING.—Under section 950 of the Political Code the official bonds required to be filed with the county clerk are those of "county and township officers," but clerks of police courts are neither county nor township officers and the law does not require them to file their bonds in the same place as the bonds of county and township officers.

ID. — CLERK OF POLICE COURT NOT CITY OFFICERS — LOS ANGELES CHARTER.—The office of clerk of police court is created by general statute, and as the charter of the city of Los Angeles makes no provision for the appointment of clerks of the police court, its provision that all appointed officers of the city shall hold office for the term of four years, provided, however, that the appointing power shall have the power to remove in all cases, does not apply to such office.

ID.—STATUTE CREATING POLICE COURTS—VALIDITY OF.—The validity of the acts of the legislature creating police courts and classifying cities for that purpose has long been upheld.

APPLICATION for a Writ of Mandate originally made in the District Court of Appeal for the Second Appellate District to compel the Mayor of the City of Los Angeles to approve the bond of Petitioner as Clerk of the Police Court.

The facts are stated in the opinion of the court.

Fredericks & Hanna, for Petitioner.

Albert Lee Stephens, City Attorney, for Respondent.

THE COURT.—Petition for mandate to compel respondent to approve a certain bond offered by petitioner who claims to have been regularly appointed as a clerk of the police court of the city of Los Angeles and to be entitled to qualify thereunder. The petition sets out that on the thirteenth day of August, 1913, a clerk was appointed for the same office which petitioner seeks to qualify himself for, and that said clerk so appointed on said date did not file a bond with the county clerk for the faithful performance of his duties. One of the claims of petitioner is, that because of the failure to file this bond with the county clerk the office became vacant under the provisions of section 996 of the Political Code. The clerk of the police court whose office is brought into question was appointed under the provisions of an act of the legislature approved June 6, 1913 (Stats. 1913, p. 469), which created police courts for cities of the first and one-half class, and continued generally the plan of organization of such courts which were originally created under what is commonly known as the Whitney Act. Section 6 of the act now in force provides that the clerks of the police court shall be appointed by the judges of that court and that such clerks shall hold office for a term of four years from the date of appointment. It is then provided that "each of said clerks shall give a bond in the sum of five thousand dollars, with at least two sureties, to be approved by the mayor, conditioned for the faithful discharge of the duties of his office." It is then provided that the clerk shall render each month to the city council a detailed account of moneys collected, etc. The sections of the Political Code to which our attention has been directed and which relate to the filing of official bonds, do not, in our opinion, cover the case of the clerks of the police court. Under section 950 of the Political Code, the official bonds required to be filed with the county clerk are those of "county and township officers." The clerks of the police court are neither county nor township officers, and our attention is not pointed to any provision of the law which seems to require that the bonds of such clerks must be filed in the same place as are the bonds of county and township officers. A reasonable requirement would be, in view of the fact that the bond is given to protect the city against any misappropriation of fees and other funds which these clerks are required to make account for, that the official bonds of police court clerks, after being

approved by the mayor, should be filed in the city clerk's office. For aught that the petition shows, the clerk whom petitioner seeks to displace did furnish a bond which was approved by the mayor and presumably filed with the city clerk.

A second point is urged and that is this: That the clerks of the police court are city officials and the city charter of the city of Los Angeles provides that all appointed officers of the city shall hold office for the term of four years, provided, however, that the appointing power shall have the power to remove in all cases. The office of clerk of the police court is created by general statute. The city charter, so far as our examination of it discloses, and we are not furnished with any reference which indicates the contrary, makes no provision for the appointment of clerks of the police court. The provision of the charter referred to, providing that the appointing power shall have power of removal, must be considered as relating to city officers only, among which the clerks of the police court are not numbered. The validity of the acts of the legislature creating police courts and classifying cities for that purpose has long been upheld. A somewhat recent case in which several former decisions are reviewed is that of *Ex parte Westenberg,* 167 Cal. 309, [139 Pac. 674]. See, also, *Fleming* v. *Hance,* 153 Cal. 162, [94 Pac. 620].

We think that no sufficient showing is made which will authorize the issuance of the writ sought.

The petition is denied.